BOND OPPORTUNITY FUND, Steven Gidumal, suing on his own behalf individually, and on behalf of all shareholders of Unilab Corporation, Plaintiffs–Appellants,

v.

UNILAB CORPORATION, David C. Weavil, Haywood Cochrane, Kirby L. Cramer, William J. Gedale, Richard A. Michaelson, Gabriel B. Thomas, B.T. Alex Brown, Defendants–Appellees.

No. 03–7592.

United States Court of Appeals, Second Circuit.

Feb. 10, 2004.

Thomas S. McNamara, Indik & McNamara, Philadelphia, PA, for Appellants.

Steven J. Kolleeny, Skadden, Arps, Slate, Meagher & Flom, New York, NY, for Appellee Unilab.

Stephen W. Greiner, Wilkie Farr & Gallagher, New York, NY, for Appellees Weavil, et al.

James D. Mathias, Piper Rudnick, Baltimore, MD, for Appellee B.T. Alex Brown.

Present: POOLER, Circuit Judge,* UNDERHILL, District Judge.**

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiffs, Bond Opportunity Fund and Steven Gidumal, appeal from a judgment granting Defendants' 12(b)(6) motion and dismissing their complaint in its entirety. We assume the reader's familiarity with the underlying facts, procedural history, and specification of appellate issues and hold as follows.

Plaintiffs' Corrected Complaint, filed on November 5, 1999, shows that on that date they at least had notice of the facts giving rise to an action against B.T. Alex Brown and thus failed to meet the one year statute of limitations that applies in Section 14(a) actions when they first named B.T. Alex Brown as a defendant on September 26, 2001, in their Second Amended Complaint. *See Ceres Partners v. GEL Associates,* 918 F.2d 349, 362–63 (2d Cir.1990). Thus, we affirm the district court's decision to dismiss the claims against B.T. Alex Brown on timeliness grounds.

In order to recover under Section 14(a) and Rule 14a–9, plaintiffs must show that (1) a proxy statement contained a material misrepresentation or omission, which (2) caused plaintiffs' injury, and (3) the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction. Furthermore, the PSLRA requires the complaint to specify each allegedly misleading statement, explain the reason (or reasons) that the statement is misleading, and, if an allegation is made upon information and belief, all facts with particularity upon which that belief is formed. 15 U.S.C. § 78u–4(b)(1). None of the misstatements identified by Plaintiffs in the Unilab proxy statement (the "Proxy") is pleaded in such a way as to meet these standards.

Plaintiffs first claim that the Proxy was misleading because it suggested that two institutional shareholders retained their stock in order to benefit the other shareholders, when they actually did so to earn an additional profit. However, Plaintiffs do not provide any support for their vote-buying theory, and mere speculation is insufficient to satisfy the PSLRA pleading standard. Furthermore, Plaintiffs fail to adequately explain why the institutional investors would cash out the majority of their shares at an unacceptable price in order to retain the rest of their shares, when they carried enough voting power to have a chance of defeating the merger.

Plaintiffs next allege that the Proxy was misleading because it failed to disclose that Unilab's board of directors had provided a financial windfall to another institutional investor in order to buy its vote. However, Plaintiffs rely on nothing more than

---

* The Honorable Amalya L. Kearse of the United States Court of Appeals for the Second Circuit was originally assigned as a member of the panel, but recused herself prior to oral argument and did not participate in the appeal. The appeal is being determined by the remaining members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b); *Murray v. National Broad. Co.,* 35 F.3d 45, 46 (2d Cir.1994).

** The Honorable Stefan R. Underhill, District Judge of the United States District Court for the District of Connecticut, sitting by designation.

pure speculation to connect the windfall to the merger, and thus fail to meet the PSLRA pleading standard.

Third, Plaintiffs take issue with the Proxy's explanation of how B.T. Alex Brown reached its fairness opinion, suggesting that the Proxy misleads the reader into thinking that B.T. Alex Brown used the Projections that are included in the Proxy in doing so. However, this is not a misstatement, as the Projections clearly state that "they were prepared solely for the Company's internal purposes ... and such information is being included in this proxy statement *solely* because it was furnished to UC Acquisition Sub and Kelso" and that "[t]he inclusion of this information should not be regarded as an indication that the Company, UC Acquisition Sub or anyone else who received this information considered it a reliable predictor of future events...."

■ Fourth, Plaintiffs claim that the Proxy was misleading because it stated that B.T. Alex Brown's fairness opinion was supported by "publicly available research analysts' estimates" when there was only one analyst covering the company. This alleged misstatement is "so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of [its] importance." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). Thus, it fails to meet the standard for materiality. *See TSC Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 449, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976). Plaintiffs also argue that the Proxy was made misleading by the failure to disclose that this research analyst was urged by the company to reduce her projections. This claim fails to meet the PSLRA pleading standard because there is no suggestion that the analyst's independence was compromised.

Fifth, Plaintiffs argue that the Proxy's claim that the extensive auction process

supported the fairness of the merger price was misleading because B.T. Alex Brown's involvement on both sides prevented the bidding process from being fair. However, Unilab's proxy supplement adequately disclosed the multiple roles played by B.T. Alex Brown, precluding this claim from being brought under Section 14(a).

Finally, we do not reach the state of mind issue because Plaintiffs have failed to adequately plead that a material misrepresentation was made.

Thus, we affirm the district court's dismissal of the Section 14(a) claims and the dismissal of the entirety of the complaint with prejudice.